UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JERMAINE AINSLEY

                                                  Plaintiff,    COMPLAINT AND JURY DEMAND

              -against-

CITY OF NEW YORK, POLICE OFFICER PATRICK CRAIG #26996, POLICE OFFICER MATTHEW ROSIELLO #20090, SERGEANT GABRIEL CUEVAS #2226, POLICE OFFICER BRIAN FEELEY #2768 AND JOHN DOE OFFICERS 1-3,

                                                  Defendants.

--------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff seeks relief through 42 U.S.C. §1983 for the violation of his Fourth and Fourteenth Amendment rights in addition to violations of the laws and Constitution of the State of New York.

2. The claim arises from a November 8, 2016 incident in which Officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully denied plaintiff due process and subjected plaintiff to, among other things, assault, battery, false arrest, false imprisonment, and malicious prosecution.

3. Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the laws and Constitution

of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendent jurisdiction.

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District.

## PARTIES

7. Plaintiff resided at all times here relevant in Kings County, City and State of New York.

8. The City of New York ("City") is a municipal corporation organized under the laws of the State of New York.  At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

9. Defendant police officers were, at all times here relevant, police officers of the NYPD, and as such were acting in the capacity of agents, servants and employees of the City of New York.

10.  On information and belief, at all times relevant hereto, defendant officers were involved in the decision to arrest plaintiff without probable cause or failed to intervene in

2

the actions of their fellow officers when they observed them arresting plaintiff without probable cause.

11. On information and belief the defendant officers were involved in denying plaintiff due process or failed to intervene in the actions of their fellow officers when they observed them denying plaintiff due process.

12. On information and belief, at all times relevant hereto, defendant officers were under the command of the 77th precinct and are sued in their individual capacities.

13. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## NOTICE OF CLAIM

14. Within 90 days of the events giving rise to these claims, plaintiff filed written notices of claim with the New York City Office of the Comptroller. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

## FACTUAL ALLEGATIONS

15. On November 8, 2016, at approximately 10PM, plaintiff was inside his barbershop waiting with several other patrons for a haircut. After being inside a short time, the defendant officers began banging on the front door demanding entry. The barber spoke to the officers through the front door asking if they had a warrant. While this conversation was ongoing, several other defendant officers broke in through a back door with their guns drawn and pulled plaintiff to the ground. One defendant officer placed his foot on plaintiff's back while he was face down on the floor.

16. Plaintiff and the others were held in the shop for about thirty minutes and searched. No contraband was found on or near plaintiff. No contraband was found inside the barber shop. Eventually, without probable cause, plaintiff and the others were transported to the precinct.

17. Over the course of approximately twenty hours, plaintiff and the others were taken out of their cells, brought to a room for questioning and threatened with incarceration if they didn't tell the officers "who had the gun". Ultimately, plaintiff and most of the others were taken to Central Booking by the officers. When plaintiff was brought before the judge the District Attorney relied on false information provided by the defendant officers, specifically that plaintiff was seen tossing a weapon and marijuana, to request bail. The judge set bail and plaintiff was sent to Rikers Island.

18. After spending another four days incarcerated, plaintiff was released when the Grand Jury refused to indict. All charges against plaintiff were dismissed.

19. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

20. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

21. As a direct and proximate result of the acts of defendants, plaintiff suffered the

following injuries and damages:

    a. Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

    b. Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

    c. Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

    d. Violation of his New York State Constitutional rights under Article 1, Section 6 to due process;

    e. Physical pain and suffering;

    f. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

    g. Loss of liberty.

### FIRST CAUSE OF ACTION
False Arrest

22. The above paragraphs are here incorporated by reference.

23. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York. Defendants are liable to plaintiff under 42 U.S.C. §1983 and under state law.

24. Defendants arrested plaintiff without probable cause to believe he had committed a crime.

25. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
Due Process

26. The above paragraphs are here incorporated by reference.

27. Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §1983.

28. Among other acts described above, defendants lied about what they observed at the scene of the incident and passed that information to the District Attorney knowing it would be used to prosecute plaintiff thereby denying plaintiff of due process and his right to a fair trial.

29. Plaintiff was damaged as a result of the defendants' wrongful acts.

## THIRD CAUSE OF ACTION
Malicious Prosecution

30. The above paragraphs are here incorporated by reference.

31. Defendants, acting with malice and without probable cause, initiated a prosecution against plaintiff and caused him to be prosecuted.

32. The criminal proceedings were terminated favorably to defendant.

33. As a direct and proximate result of the misconduct and malicious prosecution detailed above, plaintiff sustained the damages described above.

## FOURTH CAUSE OF ACTION
Assault and Battery

34. The above paragraphs are here incorporated by reference.

35. With their guns pointed at plaintiff, the officers grabbed plaintiff, pulled him to

the ground and placed a foot against his back. Without provocation and with no penological purpose, defendant officers made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and offensive touching.

36. The officers engaged in and subjected plaintiff to immediate harmful and offensive touching without his consent, without provocation and with no penological purpose.

37. Defendants used excessive and unnecessary force with plaintiff.

38. Defendants, their officers, agents, servants and employees, were responsible for plaintiff's injuries during this period of time.

39. As a direct and proximate result of the misconduct and the abuse of authority detailed above, plaintiff sustained the damages described above.

## FIFTH CAUSE OF ACTION
### Respondeat Superior

40. The above paragraphs are here incorporated by reference.

41. Defendants' tortious acts were undertaken within the scope of their employment by Defendant City of New York and in furtherance of the defendant City of New York's interest.

42. As a result of the defendants tortious conduct in the course of their employment and in furtherance of the business of Defendant City of New York, plaintiff was damaged.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

  B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

  C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

  D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: January 9, 2018
    Brooklyn, New York

TO: City of New York
  100 Church Street
  New York, NY  10007

Police Officer Patrick Craig
Sergeant Gabriel Cuevas
Office Brian Feeley
77th Precinct
127 Utica Avenue, Brooklyn, NY, 11213

Police Office Matthew Rosiello
Narcotics Bureau Brooklyn North
245 Glenmore Ave.
Brooklyn NY 11207

Respectfully yours,

*Nicole Bellina*

Nicole Bellina, Esq.
Stoll, Glickman & Bellina, LLP
475 Atlantic Avenue, 3rd Floor
Brooklyn, NY  11217
(718) 852-3710